[Civil No. 4010.   Filed December 5, 1938.]

[85 Pac. (2d) 54.]

W. J. McMANUS, Doing Business Under the Name and Style of the FAR WESTERN PLACEMENT BUREAU, Appellant, v. THE INDUSTRIAL COMMISSION OF THE STATE OF ARIZONA, and J. NEY MILES, SAM W. PROCTOR and L. C. HOLMES, Members, Appellees.

Mr. Harold J. Janson and Mr. Frank Hotchkiss, for Appellant.

Mr. Albert M. Garcia and Mr. Howard A. Twitty, for Appellees.

LOCKWOOD, J.—W. J. McManus, doing business under the name and style of Far Western Placement Bureau, hereinafter called plaintiff, brought suit against the Industrial Commission of the State of Arizona and its members, hereinafter called defendants, asking for a declaratory judgment as to the constitutionality of certain provisions of chapter 33 of the laws of the regular session, 1937. The trial court found part of the act to be constitutional, and part to be unconstitutional, and plaintiff has appealed.

The defendants assigned cross-errors in their brief which challenge the determination of the trial court

that part of the act was unconstitutional, and the question is, therefore, whether any or all of said act is constitutional.

The facts necessary for a determination of the legal issue may be stated as follows: At its regular session in 1931, the legislature adopted chapter 112, which added to the first five articles of chapter 24 of the Revised Code of 1928 an article numbered 6, regulating employment agents. The new article provided, in substance, that all persons who furnished information to those seeking employment and who charged a fee therefor must be licensed by the state to engage in such business. They were required, as a condition to the issuance of a license, to execute a bond in the sum of one thousand dollars, conditioned that the licensee would conform to the provisions of the article. The Industrial Commission was given authority to supervise all employment agents and to enforce the laws governing them. The fees to be charged of those seeking employment through an agent, were to be fixed by a schedule filed with, and approved by, the commission, and it was further provided that under certain circumstances any fee paid to the employment agent by the applicant for work should be returned to him, and that if the agent failed to comply with all of the provisions of the act or the orders of the commission, his license might be revoked. In 1937 the legislature became convinced that the law was deficient in some parts, and amended it by chapter 33, *supra*. The amendments required that the employment agent, instead of giving a bond as under the original act, should deposit with the Industrial Commission five hundred dollars in cash, and, after setting up the circumstances under which the fee charged by the employment agent of an applicant for employment should be returned, provided as follows in section 3, subdivision (e) of chapter 33:

"Should the employment agent refuse or fail to make prompt refund, upon demand, as provided in this section, the applicant may apply to the commission for a hearing, and if the commission, upon investigation, finds that the applicant is entitled to a refund it shall issue an order to that effect, and shall pay such refund to the applicant out of the cash deposited by the employment agent. Either party to any such controversy may appeal, within five days from the issuance of any such order, to the superior court of the county in which the business of the employment agent is located."

The chapter also contained this section:

"Sec. 5. *Severability.* If any provision of this act be held invalid, such invalidity shall not affect other provisions which can be given effect without the invalid provision, and to this end the provisions of the act are declared to be severable."

Plaintiff challenged the constitutionality of the provision of the act authorizing the commission to return the fees of applicants for employment out of the five hundred dollars cash deposit made with it, for the reason that nowhere in the act was there any provision for a hearing before the commission on the question of whether the applicant for employment was entitled to a return of his fee, which required that the employment agent be given notice of such hearing and an opportunity to appear and defend against the charge. He further contended that since the clause requiring a deposit was only adopted to provide money for refunds, if the clause which allowed the commission to use such fund for that purpose was unconstitutional, the one requiring the deposit must necessarily fall also.

As we have stated, the trial court held the clause authorizing the commission to use the deposit for refunding purposes unconstitutional, but determined that the one requiring a cash deposit was valid. We

shall, therefore, consider whether the holding of the lower court declaring part of the act unconstitutional was correct, for if it was not and the clause authorizing the commission to use the cash deposit for the purpose of making refunds is valid, then admittedly that provision requiring the deposit to be made was valid also.

■ It is admitted necessarily by defendants that a law which attempts to authorize the taking of money belonging to one person and giving it to another without a hearing on the question, of which the parties should have notice and an opportunity to make a defense, would be unconstitutional. *Ex parte Wall*, 107 U. S. 265, 2 Sup. Ct. 569, 27 L. Ed. 552; *Galpin* v. *Page*, 18 Wall. 350, 21 L. Ed. 959. But they contend that the act itself provides directly for a hearing, and impliedly for notice thereof.

Subdivision (e), *supra*, does provide specifically that before any portion of the deposit may be used as a refund to an applicant for employment, the commission must hold a hearing as to whether he is entitled to such refund, by the following language:

" . . . the applicant may apply to the commission for a hearing, and if the commission, upon investigation, finds that the applicant is entitled to a refund it shall issue an order to that effect, . . . "

Nor, indeed, does plaintiff seriously question this, but he does contend that nowhere in the chapter is there any provision that he, or anyone in his position, must as a matter of right be given notice of such hearing and an opportunity to appear and defend.

■■ It is, of course, true that notice and opportunity to defend must be a matter of right and not a matter of grace, but we think that such right may be implied from the terms of a statute without being expressly and explicitly set forth in detail therein.

The chapter by its terms requires the commission to act only, after "hearing" and "investigation." We think that when the word "hearing" is used in a statute which attempts to confer jurisdiction to determine whether the property of one person shall be taken and given to another, it necessarily implies, as a matter of law, that the hearing shall be one of which reasonable notice is given to the parties and at which they have an opportunity to appear and present any defense which they may have against such taking, and that any proceeding which does not comply with these two conditions is not a "hearing" within the meaning of the law, and any order made in pursuance of such proceeding is void for lack of jurisdiction. This general principle of implied notice has been upheld in a number of cases where the statute was not as explicit in regard to the necessity of a hearing of some kind as is the law under consideration at the present time. *Tatlow* v. *Bacon,* 101 Kan. 26, 165 Pac. 835, 14 A. L. R. 269; *Shealey* v. *Seaboard Air Line Ry. Co.,* 131 S. C. 144, 126 S. E. 622; *Bioni* v. *Haselton,* 99 Vt. 453, 134 Atl. 606; *Smith* v. *State Board of Med. Examiners,* 140 Iowa 66, 117 N. W. 1116; *State* v. *State Med. Examining Board,* 32 Minn. 324, 20 N. W. 238, 50 Am. Rep. 575; *Enterprise Irr. Dist.* v. *Tri-State Land Co.,* 92 Neb. 121, 138 N. W. 171; *Nelson* v. *Garland,* 123 Pa. Super. 257, 187 Atl. 316. In the last case cited, as in the present one, the act involved provided for a hearing but did not expressly require notice, and the court said (p. 319):

"It is true that, unlike the Act of 1921, the Act of 1917 makes no express provision for the giving of such notice. But it is a cardinal principle of our law that liability cannot be imposed without notice to the party who is to be made responsible therefor. . . . Where an Act of Assembly makes provision for a hearing before a court or board or magistrate, it implies that the party or parties who are or may be

affected by such hearing and the resultant action, shall have notice of it and opportunity to attend, be heard and take part.''

It is our duty to uphold an act if, on any reasonable theory, a construction may be given thereto which would make it constitutional. We hold, therefore, that the act does by reasonable implication provide that notice and opportunity to be heard shall be given before the commission may make an order to pay money from the cash deposit made by employment agents, and that since this is the case, the clause in question is constitutional. If this be true, necessarily the provision requiring a cash deposit to be made in lieu of a bond is also constitutional, for the only objection thereto was based on the assumed unconstitutionality of subdivision (e), *supra.*

The judgment is reversed and the case remanded with instructions to render a declaratory judgment holding chapter 33, *supra,* to be constitutional.

McALISTER, C. J., and ROSS, J., concur.