**HOUSE OF TOBACCO, INC., Appellant,**

v.

**Robert S. CALVERT, State Comptroller of Public Accounts, State of Texas, Appellee.**

No. 11307.

Court of Civil Appeals of Texas.

Austin.

Feb. 10, 1965.

Rehearing Denied Feb. 24, 1965.

Bernard & Bernard, Houston, for appellant.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., Stanton Stone, Executive Asst. Atty. Gen., Howard M. Fender and Sam L. Kelley, Asst. Attys. Gen., Austin, for appellee.

ARCHER, Chief Justice.

This is an action filed by House of Tobacco, Inc., against Robert S. Calvert, State Comptroller of Public Accounts, State of Texas, seeking to enjoin the Comptroller from forfeiting Distributor Cigarette Permit No. 179198–7, also, seeking a mandatory injunction for the return of approximately $3,005.70 of cigarettes which were removed from plaintiff's place of business on November 3, 1964, along with the books of the Corporation. Plaintiff was heretofore issued Distributor Cigarette Permit No. 179198–7 by the Comptroller of Public Accounts, State of Texas. By letter dated October 30, 1964, the Comptroller of Public Accounts notified plaintiff that in compliance with Article 7.21 of Chapter 7, Title 122–A, Taxation General, V.A.T.S., the Comptroller was forfeiting the subject cigarette permit to become effective five days from October 30, 1964. The reason given for the forfeiture was that plaintiff had been conducting a business of distributing and wholesaling cigarettes without the authorized cigarette meter impression thereon and which cigarettes were possessed with the intent to use, sell, circulate or pass such cigarettes in violation of the provision of the subject article. The notice was received on November 2, 1964, by plaintiff.

The appeal is founded on the assignment that the court erred in refusing a mandatory injunction requiring the return of cigarettes seized by the Comptroller, and in refusing to issue a temporary injunction prohibiting the Comptroller from forfeiting the cigarette permit, because such actions were without due process, as guaranteed by the Federal Constitution.

On November 4, 1964 appellant sought a temporary restraining order against appellee which was denied and a hearing on the

application for a temporary injunction was set for November 12, 1964, at which time all parties at interest appeared and trial was had and evidence heard from the Comptroller and several of his employees all of whom were cross-examined by appellant, but appellant did not offer any testimony from its officers or employees.

There is no contention as to any abuse of discretion by the court, and believing that the evidence supports the action of the court, such is not restated herein.

It appears that the only questions are of a constitutional nature with regard to the Statutes.

Appellant says he has been deprived of property without due process of law and that no hearing was held by the Comptroller in which appellant appeared.

Article 7.21, Ch. 7, Title 122–A, Taxation General, V.A.T.S. reads:

"If any distributor, wholesale dealer or retail dealer has violated any provision of this Act, or any rule and regulation promulgated hereunder, the Comptroller shall have the power and authority to forfeit or suspend the permit or. permits of said distributor, wholesale dealer or retail dealer by giving written notice stating the reason justifying such forfeiture or suspension and the same shall. be forfeited or suspended five (5) days from the date of said notice. Any notice required to be given by the Comptroller may be mailed to the distributor, wholesale dealer or the retail dealer, as the case may be, at any place designated as the place of business on the application for permit required herein."

As is noted the Article provided for a five day period of delay before the action forfeiting the permit became final. Court action was instituted by appellant on the last day of the five day period.

 While the Statute does not within its wording provide for notice and hearing

under the due process clauses of both the State and the United States Constitutions, appellant was entitled to a hearing and appeal as an inherent right.

Board of Firemen's Relief and Retirement Fund Trustees' of Texarkana, Texas v. Hamilton et al.,the Texas Supreme Court Journal, Vol. 8, No. 15, pages 198 and 199, January 30, 1965.

We believe that this right was afforded appellant by the five days notice and that appellant availed itself of a hearing by instituting the court action, and in participating in the court hearings.

We were informed on the submission of this case that the books and records of the company had been returned and that the cigarettes would be returned upon the payment of taxes and penalties as provided by the cigarette law.

The judgment of the trial court is affirmed.

HUGHES, Justice (dissenting).

On October 30, 1964, the State Comptroller sent the House of Tobacco, appellant, a letter from which I quote:

"This is to notify you that in compliance with Article 7.21 of Chapter 7, Title 122–A, Taxation General, V.A. T.S., distributor cigarette permit #179198–7 heretofore issued to you is hereby forfeited, to become effective five (5) days from October 30, 1964.

"The reason for forfeiting this permit is that you have been conducting a business of distributing and wholesaling cigarettes without the authorized cigarette meter impression thereon, and which cigarettes were possessed with the intent to use, sell, circulate or pass such cigarettes in violation of the provision of Chapter 7, Title 122–A, Taxation General, V.A.T.S."

In sending such notice, the Comptroller was acting in compliance with the Statute

referred to and which is copied in the majority opinion.

It is my opinion that the procedure authorized by this Statute and followed by the Comptroller does not comply with the due process provisions of the Federal Constitution.

It is fundamental that notice and hearing are essential to administrative due process. This notice and hearing must *precede* the final administrative order. This is the holding in Ewing v. Mytinger & Casselberry, 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088, from which I quote:

> "The administrative finding of probable cause required by § 304(a) is merely the statutory prerequisite to the bringing of the lawsuit. When the libels are filed the owner has an opportunity to appear as a claimant and to have a full hearing before the court. This hearing, we conclude, satisfies the requirements of due process.

> "At times a preliminary decision by an agency is a step in an administrative proceeding. We have repeatedly held that no hearing at the preliminary stage is required by due process so long as the requisite hearing is held before the final administrative order becomes effective. See Lichter v. United States, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694; Inland Empire [Dist.] Council v. Millis, 325 U.S. 697, 65 S.Ct. 1316, 89 L.Ed. 1877; Opp Cotton Mills v. Administrator of Wage & Hour Division of Dept. of Labor, 312 U.S. 126, 61 S.Ct. 524, 85 L.Ed. 624.

> "But this case does not go as far. Here an administrative agency is merely determining whether a judicial proceeding should be instituted. Moreover, its finding of probable cause, while a necessary prerequisite to multiple seizures, has no effect in and of itself."

See also concurring opinion of Associate Justice Griffin in L & G Oil Company, Tex-

as Sup. Court, 368 S.W.2d 187 and authorities therein cited. Also City of Houston v. Glen Oaks Utilities, Inc., Tex.Civ.App., 360 S.W.2d 549, Houston C.C.A., writ. ref. n. r. e.

In this latter case it is said, "It follows that if a suit for injunction is a substitute for notice and opportunity to be heard by the rate-making body, then the requirement of procedural due process is meaningless."

The Comptroller testified that the Tobacco House was "out of business on November 4th," this being the fifth day after mailing the notice of forfeiture.

It is plain that the Statute does not provide for a hearing before a forfeiture is declared and does not, of course, provide for notice of such hearing. This does not, however, condemn the Statute as unconstitutional under the cases now to be cited which hold that these provisions may be incorporated in the Statute by implication unless the Statute expressly provides otherwise. I do not construe this Statute to so provide. Industrial Accident Board v. O'Dowd, 157 Tex. 432, 303 S.W.2d 763, Cunningham v. State, Tex.Civ.App., 353 S. W.2d 514, Dallas C.C.A., writ ref., n. r. e.

In order that this opinion may be complete on its face I quote the following from O'Dowd, supra:

> "Obviously if the explicit provisions of a statute direct an administrative board to proceed without notice in contravention of the constitutional due process requirements (as in the Francisco case [Francisco v. Board of Dental Examiners, Tex.Civ.App., 149 S.W. 2d 619] ) there would be no room for a presumption that the Legislature intended that a notice be given. However, on the other hand, we must assume that the Legislature intended to enact a valid law, and in the absence of express language to the contrary, intended that the administrative board should proceed in accordance with constitutional requirements. The Board

here construed the statute as requiring notice and notice was actually given. Under these circumstances the following language from American Power & Light Co. v. Securities and Exchange Commission, 329 U.S. 90, 67 S.Ct. 133, 143, 91 L.Ed. 103, seems applicable:

" 'That the statute does not expressly insist upon what in fact has been given the security holders is without constitutional relevance under these circumstances. Wherever possible, statutes must be interpreted in accordance with constitutional principles. Here, in the absence of definite contrary indications, it is fair to assume that Congress desired that § 11(b) (2) [15 U.S.C.A. § 79k (b) (2) ] be lawfully executed by giving appropriate notice and opportunity for hearing to all those constitutionally entitled thereto. And when that assumption is added to the provisions of § 19 [15 U.S.C.A. § 79s], it becomes quite evident that the Commission is bound under the statute to give notice and opportunity for hearing to consumers, investors and other persons whenever constitutionally necessary. See The Japanese Immigrant Case [Yamataya v. Fisher] 189 U.S. 86, 100, 101, 23 S. Ct. 611, 614, 47 L.Ed. 721 [725, 726].'

"[5] Another statement of the prevailing rule upon the subject is found in Caughman v. Columbia, Newberry & Laurens Ry. Co., 82 S.C. 418, 64 S. E. 240, 242, viz.:

" 'A statute is invalid which requires something to be done which is forbidden by the Constitution, but it cannot be essential to the validity of a statute that it should enjoin obedience to the Constitution. The great weight of authority is to the effect that while notice of a special burden or duty which a board such as this proposes to impose must be extended, and an opportunity to be heard on the rightfulness of the exactions must be given, it is not necessary that the statute under which the board acts should expressly provide notice.':

"Likewise in McManus v. Industrial Commission, 53 Ariz. 22, 85 P.2d 54, 56, the Supreme Court of Arizona said:

" 'It is, * * * true that notice and opportunity to defend must be a matter of right and not a matter of grace, but we think that such right may be implied from the terms of a statute without being expressly and explicitly set forth in detail therein. * * * We think that when the word "hearing" is used in a statute which attempts to confer jurisdiction to determine whether the property of one person shall be taken and given to another, it necessarily implies, as a matter of law, that the hearing shall be one of which reasonable notice is given to the parties and at which they have an opportunity to appear and present any defense which they may have against such taking, and that any proceeding which does not comply with these two conditions is not a "hearing" within the meaning of the law, and any order made in pursuance of such proceeding is void for lack of jurisdiction. This general principle of implied notice has been upheld in a number of cases where the statute was not as explicit in regard to the necessity of a hearing of some kind as is the law under consideration at the present time.' "

Since appellant. has not been afforded a hearing upon proper notice prior to the forfeiture of his Permit to engage in the lawful business of distributing and wholesaling cigarettes, I would render judgment enjoining the Comptroller from enforcing the forfeiture of such Permit until the trial court has determined that a hearing after due notice has been afforded the House of

Tobacco, upon which the injunction should be dissolved.

For the reasons stated, I respectfully dissent from the majority opinion.