**HOUSE OF TOBACCO, INC., Petitioner,**

v.

**Robert S. CALVERT, State Comptroller of Public Accounts, State of Texas, Respondent.**

No. A–10706.

Supreme Court of Texas.

Oct. 6, 1965.

Bernard & Bernard, Houston, for petitioner.

Waggoner Carr, Atty. Gen., Sam L. Kelley, Asst. Atty. Gen., for respondent.

HAMILTON, Justice.

For many years petitioner had been issued Distributor Cigarette Permit No. 179198–7 by the State Comptroller of Public Ac-

counts. By letter dated October 30, 1964, the Comptroller notified petitioner that his permit had been forfeited, subject to becoming effective five days from said date in accordance with Art. 7.21, V.A.T.S. Tax.-Gen. The reason given for the forfeiture was that petitioner had been conducting a business of distributing and wholesaling cigarettes without the authorized cigarette meter impression thereon, and which cigarettes were possessed with the intent to use, sell, circulate or pass such cigarettes in violation of the provisions of the above-mentioned article. Petitioner received this notice on November 2, 1964.

On November 4, 1964, petitioner sought a temporary restraining order against respondent canceling his permit, which was denied. However, a hearing was held on November 12, 1964, on the application for a temporary injunction. All parties were present and petitioner cross-examined the Comptroller and several of his employees but did not offer any testimony from its officers or employees.

The trial court held for the respondent and petitioner appealed to the Court of Civil Appeals. That court held that even though Art. 7.21 provided for suspension of permits of cigarette distributors by letter for those who violated its provisions, the statute also provided the cigarette distributor five days' delay before the suspension or forfeiture of the permit could become final. The Court of Civil Appeals said that although Art. 7.21 did not expressly provide for notice and a hearing petitioner had availed itself of a hearing by instituting court action and participating in the hearing. As a result the Court of Civil Appeals held that the petitioner was not denied or deprived of his property without due process of law. A dissenting opinion argued that notice and a hearing were required by due process of law before the final administrative order was given. 387 S.W.2d 74.

### Suggestion of Moot Controversy

Respondent contends that the controversy is now moot because the subject permit, by operation of law, automatically expired on February 28, 1965, such permit being of one year's duration and renewable annually. Boston v. Garrison et al., 152 Tex. 253, 256 S.W.2d 67.

In reply petitioner cites the case of Isbell v. Brown, 196 S.W.2d 691 (Tex.Civ.App. 1946, error refused). In that case Brown held a real estate dealer's license for the year 1945. On November 9, 1945, Isbell, the Secretary of State, revoked this license. Brown filed suit to have the revocation order set aside on November 16, 1945, and the trial court awarded judgment for him. Defendant Isbell appealed and the Court of Civil Appeals held that Brown had failed in his burden of proof to show that the order was invalid. That court also held as follows:

"We do not regard this case as being moot. Under the provisions of Article 6573a, § 15, the decision of this case would have some effect upon appellee's subsequent application for a license (within a period of one year after judgment, at least) and as appellee evidently desired to engage in the real estate business, something more than a mere abstract question of law is presented."

See also Department of Public Safety v. Austin, 163 Tex. 280, 354 S.W.2d 376, which distinguishes the Boston case from a situation such as is presented here.

Here, there is prejudice to the petitioner by virtue of the provisions of Art. 7.21, V.A.T.S. Tax.-Gen., which provided the following:

"* * * No new permit shall be issued within a period of one (1) year to anyone whose permit or permits have been forfeited, except at the discretion of the Comptroller."

██ This is not a moot controversy because the Comptroller's order affects the petitioner's right to obtain a new permit in the light of the above-quoted provision of the statute. Petitioner's permit was for-

feited on November 4, 1964, and that final order could still affect his application for a new permit which he may otherwise be entitled to now.

We therefore hold that this controversy is not moot.

### Lack of Due Process

Petitioner contends that the Court of Civil Appeals erred in affirming the trial court's action in failing to issue a temporary injunction against the Comptroller of Public Accounts, prohibiting him from forfeiting the Cigarette Permit issued to petitioner because the authority for forfeiture deprives petitioner of its property without due process of law as guaranteed by the State and Federal Constitutions.

On the other hand, respondent argues that the nature of the petitioner's interest is controlled by the police power of the State and since the State has the authority to prohibit entirely the sale of cigarettes and liquor, other jurisdictions have held that the revocation of such a permit without notice and a hearing does not violate due process. Austin v. State of Tennessee, 179 U.S. 343, 21 S.Ct. 132, 45 L.Ed. 224; Walker v. City of Clinton, 244 Iowa 1099, 59 N.W.2d 785 (1944); Ford Hopkins Co. v. City of Iowa City, 216 Iowa 1286, 248 N.W. 668.

■ While some other states have placed cigarettes in the category with liquor, racing and the like, Texas has not. County of Harris v. Shepperd, 156 Tex. 18, 291 S.W.2d 721. There we stated that:

"Certainly the taxing power of the state embraces a variety of forms and measures apart from those based only on value. The tax on gasoline, cigarettes and liquor are for revenue purposes only and the authority to levy these taxes is necessarily derived from the taxing power of the state."

See also Sheppard v. Musser, Tex.Civ.App., 89 S.W.2d 222, as modified in 127 Tex. 193, 92 S.W.2d 219, appeal dismissed, 299 U.S. 513, 57 S.Ct. 121, 81 L.Ed. 379.

Added support for the above statement is found in Article 7.41, which states that it was intended by the Legislature for this to be an excise or use tax. Art. 7.41, V.A.T.S. Tax.-Gen. Furthermore, Art. 7.02 states that the impact of the tax is to be on the consumer.

■ By way of comparison, the provisions of the Texas Liquor Control Act state that it is to be deemed an exercise of the police power of the State for the protection of the welfare, health, peace, temperance and safety of the people of the State. Art. 666-2, P.C.; Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198. Of course, a license fee for the privilege of operating a certain type of business may be imposed for both regulation and revenue purposes. Payne v. Massey, 145 Tex. 237, 196 S.W.2d 493; Rapp & Son v. Kiel, 159 Cal. 702, 115 P. 651 (1911, Dictum); Bleon v. Emery, 60 Utah 582, 583, 209 P. 627 (1922); Mahany on Texas Taxes (1946), § 21.05, p. 642; Cf. Carter v. State Tax Commission, 98 Utah 96, 96 P.2d 727, 126 A.L.R. 1402 (1939).

Respondent relies upon the case of Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177, cert. den. 347 U.S. 933, 74 S.Ct. 625, 98 L.Ed. 1084, for the holding that when the interest in question is a privilege, such as a driver's license, rather than a constitutionally protected property right, due process of law does not attach to protect the interest involved. Justice Smedley also mentioned that this privilege was subject to reasonable regulations under the police power of the State in the interest of public safety and welfare. 259 S.W.2d at 182, and the cases cited therein. But as we mentioned earlier, this particular statute does not involve any regulation for the public welfare.

■ From our analysis of the authorities, we find that as a general rule constitutional due process applies to protect property rights but does not, as respondent has

pointed out, extend to privilege granted under the State's police power. Gillaspie v. Department of Public Safety, supra. The situation here is somewhere in between. The permit involved is not a property right as that term is utilized in the constitutional sense, yet, as a licensee, petitioner's authorization to sell cigarettes is not regulated due to the need for the protection of the public under the police power.

The Court of Civil Appeals in its opinion held that petitioner was entitled to due process of law under the State and Federal Constitutions, since House of Tobacco had suffered a deprivation of its property, citing Board of Firemen's Relief and Retirement Fund Trustees of Texarkana, Texas v. Hamilton, et al., 386 S.W.2d 754 (Tex.1965). There property rights were clearly involved and we held that the claimant Hamilton was entitled to an inherent right of an appeal concerning her claim for pension benefits as provided for by statute.

A case more in point is that of Francisco v. Board of Dental Examiners, 149 S.W.2d 619 (Tex.Civ.App.1941, error refused). Dr. Francisco, a dentist, sought a mandatory temporary injunction reinstating his license which had been canceled by an order of the Board of Dental Examiners on the ground that he had been convicted of forgery in Oklahoma. The court held that although the State could provide reasonable regulations concerning the practice of dentistry, the privilege to so practice once acquired became a right protected by the due process clauses of the State and Federal Constitutions. Sherman v. State Board of Dental Examiners, 116 S.W.2d 601 (Tex.Civ.App. 1938, error refused); Waller v. State, 68 S.W.2d 601, (Tex.Civ.App.1934, error refused). In addition, the Court held that a hearing would be useful to determine a number of matters that the Board must take into consideration before it can act.

Also, in the case of Industrial Accident Board v. O'Dowd, we held that the "right to practice before an administrative board when once granted is admittedly a valuable right and entitled to protection under the due process clauses of the state and federal constitutions." 157 Tex. 432, 303 S.W.2d 763.

Article 7.21 does not provide for notice and a hearing of the pending revocation or suspension of the cigarette distributor's permit. All it does provide for is that a letter be sent notifying the distributor that on the fifth day from the date of the letter his permit will be summarily revoked. There is no provision for appellate review of this action in the statute. Petitioner was relegated to filing for a temporary restraining order and a temporary injunction after his permit had been canceled. One of the factors considered as important in the Gillaspie case, supra, was the provision for a trial de novo in the county court on appeal as to one aggrieved by the orders of the Department of Public Safety. There is no such provision here. Respondent testified that this revocation of the permit would "put the House of Tobacco out of business."

■ Of course, petitioner is not in a profession in the sense of a doctor or a lawyer. Nevertheless, in order to wholesale cigarettes, it, too, must have a license. Art. 7.09, V.A.T.S. This is a privilege which does not have to be granted; however, once it is granted, it cannot be taken away except for good cause. A distributor's very existence depends upon this permit and he has an investment, as does a dentist. In both cases, if their license is revoked, each must turn to some other occupation. To draw the line here on the basis of whether one is practicing a profession would seem somewhat arbitrary and unjust. Therefore, we hold that the petitioner House of Tobacco is entitled to due process of law as guaranteed by the State and Federal Constitutions. Vernon's Ann.St.Const., Art. I, § 19; U.S.C.A.Const. Amend. 14.

Petitioner, being entitled to due process of law, was denied such, since the order forfeiting his permit was a final one. It is well settled that notice and a hearing are essential and such procedures must pre-

cede the final administrative order. Ewing v. Mytinger & Casselberry, 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088, and the cases cited therein. Trapp v. Shell Oil Co., 147 Tex. 323, 198 S.W.2d 424; Glen Oaks Utilities, Inc. v. City of Houston, 161 Tex. 417, 340 S.W.2d 783. Also in the City of Houston v. Glen Oaks Utilities, Inc., 360 S.W.2d 549 (Tex.Civ.App.1962, error refused, N.R.E.), the Houston Court of Civil Appeals wrote the following:

"It follows that if a suit for injunction is a substitute for notice and opportunity to be heard by the rate-making body, then the requirement of procedural due process is meaningless."

We therefore hold that the petitioner House of Tobacco was denied due process of law as guaranteed by the State and Federal Constitutions, since it was not given notice and an opportunity to be heard before the order of the Comptroller became final.

■ We further agree that although this statute does not provide for notice and a hearing, that such is not unconstitutional since these provisions may be by implication incorporated into the statute unless the statute expressly provides otherwise, which it does not. Industrial Accident Board v. O'Dowd, 157 Tex. 432, 303 S.W.2d 763; American Power & Light Co. v. Securities and Exchange Commission, 329 U.S. 90, 67 S.Ct. 133, 143, 91 L.Ed. 103; Caughman v. Columbia, Newberry & Laurens R. Co., 82 S.C. 418, 64 S.E. 240, 242 (1909); McManus v. Industrial Commission, 53 Ariz. 22, 85 P.2d 54, 56 (1938).

"Obviously if the explicit provisions of a statute direct an administrative board to proceed without notice in contravention of the constitutional due process requirements (as in the Francisco case) [Francisco v. Board of Dental Examiners, supra] there would be no room for a presumption that the Legislature intended that a notice be given. However, on the other hand, we must assume that the Legislature intended to enact a valid law, and in the absence of express language to the contrary, intended that the administrative board should proceed in accordance with constitutional requirements. The Board here construed the statute as requiring notice and notice was actually given. * * *" Industrial Accident Board v. O'Dowd, 157 Tex. 432, 303 S.W.2d 763.

■ Respondent earnestly argues that petitioner waived any right to complain, since he at no time demanded that the Comptroller of Public Accounts give him a hearing. Keeping in mind the fact that the statute does not so provide, nor are we cited to any such implied rule of the Comptroller (see Art. 7.12, V.A.T.S.), we would not place upon the petitioner the unnecessary burden of formally requesting a hearing for which there was no provision anywhere.

"As a condition precedent to the right to contest the validity of an agency's order or decision, an aggrieved person is not required, absent statutory requirement therefor, first to apply to the agency to rescind or modify the action it has taken." 1 Tex. Jur.2d, § 37, p. 677, citing Railroad Commission v. Houston Chamber of Commerce, 124 Tex. 375, 78 S.W.2d 591; Trapp et al. v. Atlantic Refining Co., 170 S.W.2d 506, 510 (Tex.Civ.App. 1943, error refused); Thomas v. Stanolind Oil Co., 145 Tex. 270, 198 S.W.2d 420.

The order of the Comptroller canceling the permit is void. The trial court should have granted the temporary injunction as prayed for. Accordingly, the judgments of the Court of Civil Appeals and the trial court must be reversed. We recognize that the permit which the Comptroller sought to cancel has expired. However, Rule 501, Texas Rules of Civil Procedure, requires that this court render the judgment which should have been rendered by the trial court. It is accordingly ordered that a temporary writ of injunction be issued as prayed for in plaintiff's petition. No motion for rehearing will be entertained.