Nelson v. Clements 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-276-CV





HAROLD A. NELSON,



 APPELLANT


vs.





WILLIAM P. CLEMENTS, ET AL.,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT



NO. 430,512, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING



 




 Appellant Harold Nelson, professor of sociology at Pan American University,
attended an international conference on health care in Managua, Nicaragua, for four consecutive
years beginning in 1986. Nelson applied for state reimbursement of travel expenses pursuant to
the Travel Regulations Act of 1959. Tex. Rev. Civ. Stat. Ann. art. 6823a (1960 & Supp. 1992). 
Because foreign travel was involved, advance written approval by the governor was required for
reimbursement. Id. § 5. (1)

 In 1986, the governor's office approved reimbursement of Nelson's travel
expenses. However, in 1987 the Director of Budget and Planning for newly-elected Governor
William P. Clements denied Nelson's request because of "political circumstances in Nicaragua." 
Governor Clement's office also denied Nelson's 1988 and 1989 requests for reimbursement.

 Nelson filed this suit alleging that the denial of reimbursement was due to his
outspoken opposition to United States aid to the Nicaraguan Contras and therefore abridged his
rights under the Texas Constitution to academic freedom and free speech, association and travel. 
See Tex. Const. art. I, §§ 8, 27, 29. Additionally, Nelson alleged that this denial violated his
rights under the Texas Constitution to equal protection and due course of law. See Id. §§ 3, 13,
19.

 The jury returned a verdict for the defendants. The trial court rendered judgment
on the jury's verdict. Nelson appeals, raising four points of error. His first three points complain
of the manner in which the case was submitted to the jury. The fourth point complains that the
trial court erred in failing to grant a new trial based on juror misconduct. Finding no error
requiring reversal, we affirm the judgment of the trial court.


THE JURY CHARGE



 Nelson complains in points of error one through three of errors and omissions in
the trial court's charge to the jury. The cause was submitted on three questions, the first of which
asked:


When the Governor's Budget Director declined to approve reimbursement for
travel expenses of Harold A. Nelson to visit Nicaragua, was a motivating factor
in the decision Professor Nelson's political beliefs or expressions?



The jury answered "No." Because consideration of the remaining questions was contingent upon
an affirmative answer, they were not answered.

 In point one Nelson complains that the trial court erred by submitting an incorrect
issue to the jury. Nelson timely objected at trial to the wording of question one on the ground that
the correct inquiry should be whether the denial was based on the governor's political beliefs
rather than whether it was based on Nelson's political beliefs or expressions. Nelson raises this
same argument in support of his first point of error on appeal.

 In addition, Nelson argues in support of his first point of error that the issue
submitted by question one did not permit the jury to consider whether the denial infringed upon
Nelson's rights of association, travel, and academic freedom. We will not consider this second
argument since Nelson did not raise this objection at trial. See Tex. R. Civ. P. Ann. 274 (Supp.
1992) ("Any complaint as to a question . . . on account of any defect . . . is waived unless
specifically included in the objections."); see also Tex. R. App. P. Ann. 52(a) (Pamph. 1992).

 We conclude that the question is correct as submitted. A government benefit may
not be denied to a person on a basis that infringes his constitutionally-protected interests. Perry
v. Sindermann, 408 U.S. 593, 597 (1972). (2) To successfully attack such an impermissible denial,
the litigant must establish that his conduct was constitutionally protected and that this conduct was
a "substantial [or motivating] factor" in the decision to deny the benefit. Mount Healthy City Sch.
Dist. Board of Educ. v. Doyle, 429 U.S. 274, 287 (1977); see also Holley v. Seminole County
Sch. Dist., 755 F.2d 1492, 1500 (11th Cir. 1985); Allaire v. Rogers, 658 F.2d 1055, 1058 (5th
Cir. 1981), cert. denied, 456 U.S. 928 (1982). The burden then shifts to the government to
demonstrate by a preponderance of the evidence that it would have reached the same decision even
in the absence of the constitutionally-protected conduct. Id.; Professional Ass'n of College
Educators v. El Paso County Community College Dist., 730 F.2d 258 (5th Cir.), cert. denied, 469
U.S. 881 (1984).

 To determine whether Nelson's conduct was a substantial or motivating factor in
the governor's decision to deny him reimbursement for travel to Nicaragua, the proper focus is
on Nelson's political beliefs or expression, not on those of the governor. Only this focus
accomplishes the purpose of the doctrine -- to protect citizens from being penalized for the
exercise of their constitutional rights. See Perry, 408 U.S. at 597. Point of error one is therefore
overruled.


Equal Protection


 Nelson's second point of error complains that the trial court erred in denying his
requested jury question three relating to equal protection. See Tex. Const. art. 1, § 3. We
disagree.

 The equality of rights (equal protection) guarantee of article 1, section 3, of the
Texas Constitution is designed to prevent any person or class of persons from being singled out
as a subject of discriminatory or hostile legislation. Burroughs v. Lyles, 181 S.W.2d 570, 574
(Tex. 1944). A statute violates the equal protection guarantee if it is either (1) discriminatory on
its face or (2) administered in such a way that it discriminates against an individual or a suspect
class to which the individual belongs. Yick Wo v. Hopkins, 118 U.S. 356 (1886); Colorado River
W. Ry. v. Texas and New Orleans R.R. Co., 283 S.W.2d 768, 776-77 (Tex. Civ. App. 1955, writ
ref'd n.r.e.). Nelson's claim falls into this second category. He claims that the denial of
reimbursement violated his right to equal protection under the Texas Constitution in that the
Travel Reimbursement Act was applied unequally to him because of his political beliefs. Because
the claim is one of unequal administration, Nelson must show intentional or purposeful
discrimination. Gamza v. Aguirre, 619 F.2d 449, 453 (5th Cir. 1980); Powell v. Power, 436
F.2d 84, 88 (2d Cir. 1970); Clear Lake City Water Auth. v. Winograd, 695 S.W.2d 632, 642
(Tex. App. 1985, writ ref'd n.r.e.); Kresge Co. v. State, 546 S.W.2d 928, 930 (Tex. Civ. App.
1977, writ ref'd n.r.e.).

 Nelson was entitled to submit a jury question on his equal protection claim only if
the issue were raised by the pleadings and the evidence. Tex. R. Civ. P. Ann. 278 (Supp. 1992). 
We conclude that it was not. Nelson presented no evidence that the defendants were aware of his
political beliefs. Thus, the element of intentional or purposeful discrimination was not raised by
the evidence and the trial court did not err in denying the proposed jury question.

 Furthermore, even if the trial court did err in denying the proposed jury question,
we believe the error would be harmless since the jury found in question one that Nelson's political
beliefs were not a motivating factor in the denial of reimbursement. Harmless error is not
grounds for reversal on appeal. Tex. R. App. P. Ann. 81(b)(1) (Pamph. 1992); First Employees
Ins. Co. v. Skinner, 646 S.W.2d 170, 172 (Tex. 1983); Lorusso v. Members Mut. Ins. Co., 603
S.W.2d 818, 821 (Tex. 1980).

 Moreover, we question whether Nelson preserved error on this point. In order to
preserve error the party who has the burden of proof must tender a proposed jury question in
substantially correct wording. Tex. R. Civ. P. 278 (Pamph. 1992). Nelson submitted proposed
jury question three which inquired:


When the Governor's Budget Director declined to approve Professor Nelson's
request for travel reimbursement, the Director did not treat Professor Nelson
equally as he or she treated other similarly-situated professors who requested travel
reimbursement.



Nelson's question is not in substantially correct form because it fails to inquire whether the budget
director's conduct was intentional or purposeful.

 For these reasons we overrule Nelson's second point of error.

Due Process


 In point of error three Nelson complains that the trial court erred in failing to
submit a jury issue concerning denial of due course of law (due process). See Tex. Const. art.
I, § 19. We overrule this point of error as well.

 The trial court need not submit a due process question to the jury; a claim of
deprivation of property without due process is always a question of law for the court's
determination. State ex rel. Pan Am. Prod. Co. v. Texas City, 295 S.W.2d 697 (Tex. Civ. App.
1956), aff'd, 303 S.W.2d 780 (Tex. 1957), appeal dism'd, 355 U.S. 603 (1958).

 More importantly, Nelson proved no vested property interest in reimbursement,
the deprivation of which would give rise to protection by due course of law. Due course of law
exists to prevent government from depriving persons of liberty and property without notice and
hearing. Weber v. City of Sachse, 591 S.W.2d 563, 568 (Tex. Civ. App. 1979, writ dism'd). 
Nelson does not argue on appeal that he was deprived of a liberty interest. Thus, to give rise to
a due process claim, Nelson must first prove that he had a protected property right, as
distinguished from a mere privilege or expectation. House of Tobacco, Inc. v. Calvert, 394
S.W.2d 654 (Tex. 1965); see also Creps v. Board of Firemen's Relief & Retirement Fund Trustees
of Amarillo, 456 S.W.2d 434 (Tex. Civ. App. 1970, writ ref'd n.r.e.).

 A person has a constitutionally protected property interest in a benefit only if the
person has a legitimate claim to its entitlement. Armstrong v. Harris County, 669 S.W.2d 323,
327 (Tex. App. 1983, writ ref'd n.r.e.). An entitlement must stand or fall on the application of
rules to facts. "To the extent a request appeals to discretion rather than to rules, there is no
property." Scott v. Village of Kewaskum, 786 F.2d 338, 339-40 (7th Cir. 1986).

 Nelson had no entitlement; the travel reimbursement he sought required advance
approval of the governor's budget director for each trip, and approval was left to the discretion
of the governor's office. At most, Nelson had an expectation that the approval for travel
reimbursement he had received in 1986 would be repeated the next year. Such an expectation is
not a constitutionally protected property interest giving rise to due process requirements. See
Scott, 786 F.2d at 340 (no property interest where village board is authorized to grant liquor
licenses "to such persons as they deem proper" without application of substantive criteria); Creps,
456 S.W.2d at 437 (no property interest where statutory right to refund of retirement fund
contributions was contingent upon vote of fund participants). Once denied reimbursement, Nelson
nevertheless continued to attend the conference.

 Nelson's third point of error is overruled. 


JUROR MISCONDUCT



 Nelson's fourth point of error complains that the trial court erred in failing to grant
a new trial based on juror misconduct. The basis of this point is a juror's statement to other
jurors during deliberations that Nelson was supported by the Texas Civil Liberties Union (TCLU)
and that the TCLU "is taking the constitution apart piece by piece." A juror's affidavit relaying
this information accompanied Nelson's motion for new trial. This affidavit is not proper grounds
for new trial on the basis of juror misconduct:


A juror may not testify as to any matter or statement occurring during the course
of the jury's deliberations or to the effect of anything upon his or any other juror's
mind or emotions as influencing him to assent to or dissent from the verdict
concerning his mental processes in connection therewith, except that a juror may
testify whether any outside influence was improperly brought to bear upon any
juror. Nor may his affidavit or evidence of any statement by him concerning a
matter about which he would be precluded from testifying be received for these
purposes.



Tex. R. Civ. P. Ann. 327(b) (Supp. 1992). Under this rule a juror's affidavit regarding juror
misconduct is proper only if it involves an "outside influence" brought to bear on a juror, i.e.
"something other than influence of jurors on each other." Anthony Pools, A Div. of Anthony
Indus., Inc. v. Charles & David, Inc., 797 S.W.2d 666, 677 (Tex. App. 1990, writ denied). The
source of the information must be one outside the jury; information gathered by a juror and
introduced to other jurors, even if the information was introduced specifically to prejudice the
vote, does not constitute "outside influence." Soliz v. Saenz, 779 S.W.2d 929, 932 (Tex. App.
1989, writ denied).

 The decision to grant a new trial is within the trial court's discretion and will not
be disturbed on appeal absent an abuse of discretion. Jackson v. Van Winkle, 660 S.W.2d 807,
809 (Tex. 1983). Nelson fails to demonstrate an abuse in this instance. Nelson's fourth point of
error is overruled.

 Because we find no error in the charge to the jury or in its consideration of the
case, the jury's verdict must stand. We affirm the judgment of the trial court.



 

 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed:  June 10, 1992

[Publish]
1.   "Sec. 5. Any travel connected with official business of the state for which
reimbursement for travel expenses incurred is claimed or for which an advance for travel
expenses to be incurred is sought, with the exception of travel to, in, and from the several
states, United States possessions, Mexico, and Canada, must have the advance written
approval of the Governor. . . ." Tex. Rev. Civ. Stat. Ann. art. 6823a, § 5 (Supp. 1992).
2. Although Nelson's claims are brought solely under the Texas Constitution, decisions
interpreting the United States Constitution are instructive because the federal constitution has
been held to establish a minimum standard below which the state constitutions may not fall.
See Whitworth v. Bynum, 699 S.W.2d 194, 196 (Tex. 1985).