Mrs. Verline HALL et vir, Individually and as Next Friend of Kathleen Butler and Richard Ray Butler, Minors, Appellants,

v.

BOARD OF FIREMEN'S RELIEF AND RETIREMENT FUND, TRUSTEES, OF HOUSTON, Texas, Appellees.

No. 13504.

Court of Civil Appeals of Texas.

Houston.

Nov. 2, 1961.

Miller, McClure, Lucas & Wright, James H. Wright, Houston, for appellants.

R. H. Burks, City Atty., Homer T. Bouldin, Sr., Asst. City Atty., Houston, for appellees.

BELL, Chief Justice.

Appellant, Mrs. Hall, was formerly Mrs. Butler. Her husband was Roger Butler, who is now deceased. He was at the time of his death a fireman employed in the Fire Department of the City of Houston. The two minors, Kathleen Butler and Richard Ray Butler, are the children of appellant and Roger Butler. We will hereafter use the term appellant to include Mrs. Butler, Individually and as next friend for the minors.

Roger Butler died December 4, 1955. Thereafter, his widow, acting for herself and on behalf of her two children, applied for benefits from the Firemen's Relief and Retirement Fund. On December 19, 1955, the Board of Trustees of the Fund, entered the following order:

"Form #625"

"Board of Trustees
Firemen's Relief and Retirement Fund
Houston, Texas

"Granting of Benefits to Widow, Guardian of Children and/or Dependent Parent by Board

"To Whom It May Concern:

"The Board of Trustees of the Firemen's Relief and Retirement Fund of Houston, Texas, held a meeting on the 19th day of December A. D. 1955 and granted the following benefits in accordance with the provisions of Sections 12, 14, and 15, of Article 6243-e, Vernons Revised Civil Statutes, as amended:

"To Mrs. Verline Butler widow of fireman Roger Butler, deceased, the amount of one hundred fourteen dollars and ninety-seven cents ($114.97) per month.

"To Mr (or Mrs.) Butler guardian of Kathleen Butler, and Richard Ray Butler unmarried dependent children, under the age of eighteen (18) years of fireman Roger Butler deceased, the amount of twenty-dollars and no cents ($20.00) each per month totaling forty dollars and no cents ($40.00) for the two children.

"To Mr. (or Mrs.) dependent parent of fireman deceased, (in the event there be no widow) the amount of dollars and cents ($ ) per month.

"The total to be paid to all beneficiaries is one hundred fifty dollars and no cents ($150.00) per month and is not to exceed the amount the deceased fireman would have received had he been retired. The amount to be paid to the widow so long as she lives or until she remarries. The amount to be paid to the guardian of each of the dependent children until each shall reach the age of eighteen years. The amounts subject to the provisions of Section 25 of the Act.

"Granted and recorded in the Minutes of the Board of Trustees of 19th day of December A. D. 19 55.

"/s/ Roy Hofheinz
"Chairman of Board of Trustees

"Attest: /s/ Francis R. Deering
"Sec.-Treas. Board of Trustees

"(Seal of City)"

---

No payment of benefits was ever made, and on May 24, 1957, appellant sued appellees to recover on said award. Appellant had married since Mr. Butler's death and she sued to recover benefits only until the date of her remarriage. However, she sued to establish the award to the minors until they each reached their respective eighteenth birthdays. The theory of appellant was that the award by appellee Board was a final award and irrevocably established the rights of appellant and the minor children and the order could not be collaterally attacked.

Appellee answered denying that Mr. Butler died as a result of "physical infirmities contracted by him in connection with his duties as a fireman." To the contrary appellee says Butler died from cancer. Appellee then alleges there was no substantial evidence to support the award. The award, it is alleged, was made by appellee due to misunderstanding of law, the members of the Board believing appellant and the children were entitled to benefits if Mr. Butler died while a member of the Fire Department, even though the cause of death was not connected with the performance of his duties as a fireman. The Board, after making the award, determined it erred in making the award and therefore no payments were ever made. The award, says appellee, is void.

Trial was to the court without a jury. Judgment was rendered denying appellant any relief.

It seems to be conceded that under Article 6243e, Section 12, appellant and the minor children would be entitled to benefits only if the death of Mr. Butler resulted from some disability or injury received in the performance of his duties as a fireman. Board of Firemen's Relief & Retirement Fund, Trustees, of Houston v. Marks, 150 Tex. 433, 242 S.W.2d 181, 27 A.L.R.2d 965. However, appellants' position here is that the Board determined, as evidenced by the order above quoted, that Mr. Butler's death was the result of injuries received in the performance of his duties, and such order has become final and cannot be set aside, or in any event has not been set aside.

On trial it appears that appellee introduced in evidence, over appellants' objection, the Civil Service Commission's file apparently containing information relevant to appellants' right to benefits. We do not know what the file showed as its contents have not been brought forward in the statement of facts. Actually it appears that the contents were not copied into the statement of facts because someone has lost the file.

We are of the view that the judgment of the trial court denying appellants any benefits must be affirmed.

Article 6243e, Section 12, Vernon's Annotated Texas Statutes, provides that when a fireman dies from a cause growing out of or in consequence of the performance of his duties, and leaves surviving him a widow and/or a child or children under the age of 18 years; the Board shall order paid a prescribed monthly payment. No time is prescribed by the statute within which the claim must be made. No procedure for assertion of or allowance of the claim is prescribed. Article 6243e, Section 3, does vest in the Board the authority to determine claims and to designate surviving beneficiaries. Nowhere does the statute attempt to fix finality to the Board's decision. Too, while Section 18 of Article 6243e deals with an appeal in certain instances from the Board's decision, it omits to require or authorize an appeal by surviving beneficiaries of a deceased fireman. It merely provides for an appeal to the Firemen's Pension Commissioner from the Board's decision and from his decision to a Travis County District court by a fireman who is not satisfied with the Board's or Commissioner's action denying his claim for retirement due to length of service or disability or, denying his claim for temporary disability, or, if such fireman is dissatisfied with the amount allowed.

■ The result is, we think, that if the Board denies a surviving beneficiary's claim, the beneficiary can sue the Board of Trustees in any court of competent jurisdiction to establish his or her claim. In such case the Board's decision would be presumptively correct, and the burden would be on the claimant to show there was no substantial evidence supporting the Board's order. Here, we take it, the Board had never formally revoked its allowance of the claim because such revocation was not pled and no evidence before us shows such. We cannot of course presume that evidence supports a matter not made an issue by pleading. Appellee did plead

the Board had not paid because it had discovered Mr. Butler's death was due to cancer. It thus attacked the appellants' right to recover.

We hold the Board had the right to contest appellants' right to benefits even though its order allowing them had not been formally set aside. When the Board's order allowing the benefits was introduced by appellants, a prima facie case was made out. The burden was then on the Board to show there was no substantial evidence to support the order.

We find ourselves unable to agree with appellants that the order should be given conclusive effect.

In the state of the record before us, there having been evidence introduced below that has not, for the reason that it has been lost, been brought forward, we must presume in support of the judgment for appellee that there was evidence which shows there was no substantial evidence to support the Board's order.

The judgment of the trial court is affirmed.