**BOARD OF FIREMEN'S RELIEF AND RE-
TIREMENT FUND TRUSTEES OF TEX-
ARKANA, Texas, Appellant,**

v.

**Ozella HAMILTON et al., Appellees.**

No. 11185.

Court of Civil Appeals of Texas.

Austin.

April 15, 1964.

Rehearing Denied May 6, 1964.

Sidney Lee, Texarkana, for appellant.

Friberg & Parish, Wichita Falls, for appellees.

ARCHER, Chief Justice.

This is an appeal from a judgment of the District Court upholding an order of the Firemen's Pension Commissioner that appellees were entitled to benefits under the Firemen's Relief and Retirement System as provided in Vernon's Ann.Civ.St. Article 6243e as the surviving widow and minor daughter of W. T. Hamilton, deceased.

W. T. Hamilton was employed by the City of Texarkana, Texas, as its Fire Chief on September 22, 1961, at which time he was 52 years old.

Hamilton had been previously employed as a member of the Fire Department of the City of Wichita Falls, Texas, and by the City of Harlingen, in both of which cities he had served more than twenty years combined. In February of 1962 he sustained an attack of acute heart failure while engaged in fighting a fire in Texarkana, requiring hospitalization for four days during which time he was treated by the city's physician and was released and permitted to resume his duties as fire chief.

The City of Texarkana has a Relief and Retirement Fund and upon his employment Hamilton became a member of such Retirement Fund and became entitled to its benefits and liable for contributions to such. Because of prior employment, certain sums were available to the City Retirement Fund Trustees, which they refused to accept.

On June 1, 1962, Mr. Hamilton suffered a heart attack and died. Mrs. Hamilton made claim for benefits which were denied by the Board of Firemen's Relief and Retirement Fund Trustees of Texarkana, Texas, and then appealed to the Pension Commissioner who after a hearing rendered a decision that appellees were entitled to benefits under the Act in the total sum of $150.00 per month payable to the appellees in a sum of $110.00 to Mrs. Hamilton and $40.00 to the daughter, subject to certain conditions.

Appellant filed a suit in the 126th District Court of Travis County attacking the Commissioner's order as being void because the Commissioner had no power or jurisdiction to entertain the defendants' appeal and alternatively that the decision order of the Commissioner does not find reasonable support in substantial evidence and alternatively that the decision deprives the plaintiff of property otherwise than by the due course of the law and is in violation of Article 1, Section 19, of the Constitution, Vernon's Ann.St.

Further allegations were that after W. T. Hamilton had filed his notice of intention to participate in the fund, plaintiff rejected him because of a good reason to believe that he was not of sound health and because he refused and failed to submit to a physical examination. Plaintiff prayed for judgment vacating the order of the Commissioner.

The defendants, appellees herein, contend that the decision of the Commissioner is supported by substantial evidence and is a valid order being made in an appeal from an order of the Board denying the defendants their legal rights and that the entire proceeding is constitutional and a legal order binding on the plaintiff and sought an award of $150.00 per month, etc.

On July 22, 1963, on a trial before the court, a judgment was rendered upholding the decision of the Pension Commissioner awarding the defendants $150.00, $110.00 to Mrs. Hamilton per month payable during her lifetime, or until she shall remarry and $40.00 per month to Rosemary Hamilton, a minor daughter, until she shall become 18 years old.

In response to request of plaintiff the court made findings of fact and conclusions of law, finding as facts that the award of the Commissioner was supported by substantial evidence and is valid and binding; that all administrative remedies were exhausted; that at the time of employment Mr. Hamilton was in good health and competent to do the work of a Fire Chief and had been previously employed as a fireman by the City of Wichita Falls, Texas, and by the City of Harlingen, Texas, as Fire Chief, with over 20 years service; that the Cities of Texarkana, Harlingen and Wichita Falls are under 500,000 in population and maintained full time fire departments and adopted the Civil Service Law for its fire department; that Hamilton had completed 20 years of service; that plaintiff never required a physical examination or requested one of Hamilton; that the City Physician who is plaintiff's physician would have passed Hamilton as physically competent as a fireman had he examined him; that Hamilton paid or tendered payment of money due the pension fund and

the City made payments due the pension fund chargeable as the contribution chargeable on Hamilton as an employee; that the plaintiff has received or has had tendered to it all monies due by reason of the service of Hamilton to entitle his widow and minor child to a pension and concluded as a matter of law that all parties have exhausted their administrative remedies and that the substantial evidence rule applies and that the decision of the Pension Commissioner is reasonably supported by substantial evidence and is valid; that all necessary parties are before the court and defendants are entitled to a judgment as herein granted and that if the plaintiff had a legal right to require Hamilton to take a physical examination it was waived; that Article 6243e makes it mandatory that an employee regularly employed by a fire department even with 20 years prior service under a pension fund under the act with another city or cities, to continue to contribute to the pension fund in the city where he is currently employed and contemplates the transfer of a fireman from one department in a given city to another city.

 The appeal is founded on 20 points assigned as error and may be summarized that the court erred in holding that the order of the Commissioner is valid because the Commissioner had no jurisdiction to render such; in holding that the substantial evidence rule was applicable because there was no evidence or insufficient evidence and contrary to the overwhelming weight of all the evidence; the other points are directed to admission of testimony that Hamilton did not take a physical examination and did not comply with all prerequisites necessary to becoming a member of the retirement fund.

We believe that the judgment of the trial court was correct, and that the facts as found by the court are supported by the record and the law required appellees herein to exhaust all administrative remedies, which was done before appealing to the courts and that the action of the Pension Commissioner was supported by substantial evidence and was authorized by the law.

This Court had before it a case very similar to this case in Board of Firemen's Relief and Retirement Fund Trustees of Texarkana v. Ryan et al., Tex.Civ.App., 273 S.W.2d 908, no writ history, and which we believe to be determinative of this instant case.

Appellant cites Hall v. Board of Firemen's Relief and Retirement Fund Trustees of Houston, Texas, 351 S.W.2d 342 (Houston Court of Civil Appeals, no writ history).

The Hall case concerned the question of did the death of Mr. Butler result from some disability or injury received in the performance of his duties as a fireman.

The prime question in this instant case is, we believe, whether the decision and order of the Pension Commissioner finds reasonable support in substantial evidence, and we have evaluated the evidence and we believe it supports the Commissioner's action.

We have not set out the testimony since the facts as found by the trial court were not excepted to or objected to.

The judgment of the trial court is affirmed.

Affirmed.

HUGHES, Justice (dissenting).

In Hall v. Board of Firemen's Relief and Retirement Fund, 351 S.W.2d 342, Houston Civil Appeals, no writ history, the Court stated:

"Article 6243e, Section 12, Vernon's Annotated Texas Statutes, provides that when a fireman dies from a cause growing out of or in consequence of the performance of his duties, and leaves surviving him a widow and/or a child or children under the age of 18 years, the Board shall order paid a prescribed monthly payment. No time

is prescribed by the statute within which the claim must be made. No procedure for assertion of or allowance of the claim is prescribed. Article 6243e, Section 3, does vest in the Board the authority to determine claims and to designate surviving beneficiaries. Nowhere does the statute attempt to fix finality to the Board's decision. Too, while Section 18 of Article 6243e deals with an appeal in certain instances from the Board's decision, it omits to require or authorize an appeal by surviving beneficiaries of a deceased fireman. It merely provides for an appeal to the Firemen's Pension Commissioner from the Board's decision and from his decision to a Travis County District court by a fireman who is not satisfied with the Board's or Commissioner's action denying his claim for retirement due to length of service or disability or, denying his claim for temporary disability, or, if such fireman is dissatisfied with the amount allowed.

"[1] The result is, we think, that if the Board denies a surviving beneficiary's claim, the beneficiary can sue the Board of Trustees in any court of competent jurisdiction to establish his or her claim. In such case the Board's decision would be presumptively correct, and the burden would be on the claimant to show there was no substantial evidence supporting the Board's order."

I agree with this statement of the law and add only that Sec. 19 of Art. 6243e, V.A.T.S. in creating and defining the duties of the office of Pension Commissioner provides, in part, that he " * * * shall hear, determine, and/or review all appeals herein provided * * *."

Since an appeal to the Pension Commissioner is not provided for surviving beneficiaries such as appellees he had no authority to consider it and his judgment thereon is, in my opinion, a nullity.

Our opinion in the Ryan case, cited by the majority, did not consider this question and the record therein discloses that the authority of the Pension Commissioner to review the action of the local board under circumstances similar to those here was not raised. The judgment in that case was valid because only questions of venue and proper proceedings in the Trial Court would have been presented had the award of the Pension Commission been attacked and disregarded as void. No question going to the jurisdiction of the Trial Court was involved.

I would reverse and remand this case for trial in accordance with the manner indicated in Hall v. Board, supra. I, therefore, respectfully dissent.