**BOARD OF FIREMEN'S RELIEF AND RE-
TIREMENT FUND TRUSTEES OF TEX-
ARKANA, Texas, Petitioner,**

v.

**Ozella HAMILTON et al., Respondents.**

No. A–10208.

Supreme Court of Texas.

Jan. 27, 1965.

Rehearing Denied March 3, 1965.

Sidney Lee, Texarkana, for petitioner.

Friberg & Parish, Wichita Falls, for respondents.

HAMILTON, Justice.

This suit involves pension benefits claimed by a widow and minor daughter of a deceased fireman who was employed by the City of Texarkana, Texas, at the time of his death. The respondent, Mrs. Ozella Hamilton, filed a claim with the Board of Firemen's Relief and Retirement Fund Trustees of Texarkana, Texas, hereinafter called Board of Trustees, seeking pension benefits as provided in Article 6243e of the Vernon's Ann. Revised Civil Statutes. The Board of Trustees denied said claim and respondent appealed to the Firemen's Pension Commissioner, who, after hearing, rendered a decision that the respondents were entitled to benefits under the act in the total sum of $150.00 per month payable to respondents in the sums of $110.00 to Mrs. Hamilton and $40.00 to the daughter, subject to certain conditions. The Board of Trustees appealed from said order of the Commissioner to the District Court of Travis County, which court after hearing rendered judgment upholding the order of the Firemen's Pension Commissioner. The Board of Trustees appealed to the Third Court of Civil Appeals and that court has affirmed the judgment of the trial court. 378 S.W.2d 361.

The Board of Trustees contended in both courts below, and contends here, that the Firemen's Pension Commissioner had no appellate jurisdiction over the order of the Board of Trustees. We agree that

the Firemen's Pension Commissioner was without jurisdiction in this matter, as was asserted in the dissenting opinion of the Court of Civil Appeals, which followed Hall v. Board of Firemen's Relief, etc., 351 S.W. 2d 342, Tex.Civ.App., no writ history. Our conclusion is based simply on the fact that the statute fails to provide for an administrative appeal in this situation.

Section 12 of Article 6243e, V.T.C.S., provides for certain monetary benefits for a surviving widow and children under the age of 18 years or dependent parents in case the deceased fireman's death was from a cause growing out of or in consequence of the performance of his duty. There is no provision for an appeal by such beneficiaries. There is under Section 18 of said Article 6243e a provision that the fireman himself if aggrieved by an order of the Board of Trustees could appeal. Such provision is in part as follows, to wit:

> "Sec. 18. Any person possessing the qualifications herein required for retirement for length of service or disability or having a claim for temporary disability who deems himself aggrieved by the decision or order of any Board of Trustees, whether because of rejection or the amount allowed, may appeal from the decision or order of such Board of Trustees to the Firemen's Pension Commissioner * * *."

Section 19 of said Article 6243e provides for the office of Firemen's Pension Commissioner and also provides that such Commissioner " * * * shall hear, determine, and/or review all appeals herein provided * * *."

In one of respondent's cross points in the Court of Civil Appeals she contends that since her claim for compensation as provided by statute involves a property right and that even though the statute made no provision for an appeal, that under the due process clauses of both the State and United States Constitutions she is entitled to an inherent right of appeal. We agree

with the respondent on this proposition. This court has so held. Brazosport Savings & Loan Association v. American Savings & Loan Association, 161 Tex. 543, 342 S.W. 2d 747; City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788. We disagree, however, with the respondent in her contention that her right of appeal in this instance is to another administrative agency, to wit, the Firemen's Pension Commissioner. What the Constitution guarantees her is a judicial review of an order of an administrative agency affecting her property rights. Such a review must be sought in a court of competent jurisdiction, not to some other administrative agency.

We reverse the judgments of the Court of Civil Appeals and the District Court and remand the cause to the trial court.