Mrs. Ozella HAMILTON et al., Appellants,

v.

BOARD OF FIREMEN'S RELIEF AND RETIREMENT FUND TRUSTEES OF TEXARKANA, Texas, Appellees.

No. 7754.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 8, 1966.

Rehearing Denied Nov. 29, 1966.

**782**

Friberg & Parish, Wichita Falls, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellants.

Sidney Lee, Texarkana, for appellees.

DAVIS, Justice.

W. T. Hamilton, who had been previously employed by the Cities of Harlingen and Wichita Falls, Texas, as a fireman, and who had been given a 20 year Service Certificate as the result of having been a fireman in the two cities for 20 years, was employed by the City Manager of the City of Texarkana, Texas, on September 22, 1961, as the Fire Chief. Hamilton was 51 years old at that time. The Service Certificate, under Sec. 14, Art. 6243e, Vernon's Ann.Rev.Civ.St., showed that Hamilton was qualified and entitled to retire at the age of 55 years.

The Board of Firemen's Relief and Retirement Fund Trustees of Texarkana, Texas, hereinafter referred to as the Board, refused to accept Hamilton as a participating member of the Firemen's Relief and Retirement Fund of Texarkana, Texas, until Hamilton had been examined by a physician for the purpose of showing whether or not Hamilton was in sound health. Sec. 10, Art. 6243e, V.R.C.S. On December 11, 1961, Hamilton delivered to Mrs. Helen Talbert his personal check for the sum of $75.90. This check was sufficient to cover 6% of Hamilton's salary from September 22, 1961, until December 1, 1961. Mrs. Talbert notified the Board about the check at a meeting held on January 11, 1962. The Board refused to accept the check because they required Hamilton to take a physical examination. Mrs. Talbert was instructed not to accept the $75.90 check, and not to cash it.

On February 10, 1962, Hamilton suffered an attack of acute heart failure which required 4 days hospitalization. On June 1, 1962, Hamilton suffered a coronary occlusion while waiting for some friends at a filling station in Texarkana and died instantly. Hamilton never did comply with the requirements of Board's Trustees nor the provisions of Sec. 10B, Art. 6243e, V.R.C.S.

Ozella Hamilton, individually and as next friend of a minor daughter, Rosemary Hamilton, timely applied for the allowance of a widow's and minor child's pension as provided by Art. 6243e, V.R.C.S. The Board refused the application because Hamilton had failed and refused to submit to a physical examination.

Mrs. Hamilton appealed from the order of the Board to the Firemen's Pension Commissioner who ruled that Mrs. Hamilton and minor daughter were entitled to pension benefits under Art. 6243e, Supra.

Within 20 days after the ruling of the Firemen's Pension Commissioner, the Board filed a suit in the District Court of Travis County, contending that the decision of the Firemen's Pension Commissioner was void because said commissioner had no power nor jurisdiction to render such decision or order, and had no power to entertain the appeal from the Board's refusal to grant them a pension.

The District Court and the Court of Civil Appeals, with one dissenting opinion, Board of Firemen's Relief and Retirement Fund, ·

Trustees v. Hamilton et al., 1964, Tex.Civ. App., 378 S.W.2d 361, affirmed the decision and order of the Firemen's Pension Commissioner. The Supreme Court granted a writ of error (1965), 386 S.W.2d 754, and reversed the decision and order holding that the statute fails to provide for an administrative appeal in the situation; citing Hall v. Board of Firemen's Relief, etc., Tex. Civ.App., 1961, 351 S.W.2d 342, N.W.H.

The case was remanded to the District Court. The Board filed a motion to take a non-suit. Mrs. Hamilton and daughter, hereinafter referred to as appellants, filed an amended pleading and cross-action on March 22, 1965. In this amended pleading and cross-action, appellants, for the first time, sought affirmative relief from the Board's decision denying appellants' pension benefits. The cross-action was filed more than 2 years after the Board's denial of pension benefits. The Board filed a plea of privilege seeking to have the venue changed from Travis County to Bowie County as a result of the cross-action being filed in which the appellants sought affirmative relief. The District Court of Travis County granted the Board's motion to take a non-suit and sustained its plea of privilege. The Board also filed special exceptions and an answer to the cross-action, subject to their plea of privilege, in which they pled the two year statute of limitation.

After the case was transferred to the District Court of Bowie County, the Board, hereinafter referred to as appellee, filed a motion for summary judgment. The District Court granted the motion for summary judgment and appellants have perfected their appeal and bring forward only one point of error.

The point of error brought forward by appellants reads as follows:

"The error of the Court in sustaining the Appellee's Motion for Summary Judgment and entering a 'take nothing' Judgment herein."

■ By carefully studying the appellants' brief, it seems that they take the position that there were material issues of fact raised by the pleadings, affidavit, and depositions, and that appellee was estopped to deny its liability because the City Treasurer had deducted money from W. T. Hamilton's salary and had deposited the same with the Pension Fund of the Board of Firemen's Relief and Retirement Fund of Texarkana, Texas. It is an admitted fact that the appellee never had accepted W. T. Hamilton as a member of the Board of Firemen's Relief and Retirement Fund because of his failure and refusal to take a physical examination. A physical examination by a physician of any fireman seeking to become a member of the Pension Fund is one of the prerequisites which the trustees can and may require. This they did and Hamilton never became a member. The last paragraph of Sec. 10B of Art. 6243e, supra, reads as follows:

"Any fireman who is a member of a department which had an existing Firemen's Relief and Retirement Fund prior to the effective date of this amending Act and who has elected and does elect not to participate in such Fund, shall not be liable for any salary deduction provided by this Act; but each person who shall hereafter join a fully paid fire department which then has a Relief and Retirement Fund shall file a statement in writing, in the manner hereinabove provided by this section, upon joining such department and shall thereafter participate in the contributions to and benefits from such Fund, as provided by this Act, *unless such new firemen shall be rejected or excused therefrom by the Board of Trustees upon a determination by the Board that such person is not of sound health. Boards of Firemen's Relief and Retirement Fund Trustees are hereby authorized to require complete or partial physical examinations of any person joining a fire department and filing the statement hereinabove required. The applicant shall pay the cost of any physical*

*examination or examinations so required. If a Board of Trustees determines that an applicant is not of sound health, such Board shall reject the filed statement of such person and shall deny such person participation in the fund."* (Emphasis added.)

■ This is actually an administrative proceeding that originated before the appellee. It is governed by the substantial evidence rule. For a definition of "substantial evidence" see 4 Davis, Administrative Law Treaties 118, Sec. 29.02, and the authorities cited therein. Under an administrative decision, the aggrieved party is not entitled to a trial de novo in a court of competent jurisdiction, but must assume the burden of satisfying the court that the administrative decision is illegal, arbitrary or capricious; that is, that it is not reasonably supported by substantial evidence. Board of Firemen's Relief, etc. v. Marks (1951) 150 Tex. 433, 242 S.W.2d 181; Gulf Land Company v. Atlantic Refining Company (1939) 134 Tex. 59, 131 S.W. 2d 73; Fire Department of City of Fort Worth v. City of Fort Worth (1949) 147 Tex. 505, 217 S.W.2d 664. It seems that the decision of the appellee is supported by substantial evidence. There was no pleading, or showing, in the district court that the administrative decision is not supported by substantial evidence.

■ The only question we must decide is whether or not the substantial evidence offered before the appellee reasonably supports the administrative decision. This is a question of law. Brenner v. Daly (Tex.Civ.App.1960) 337 S.W.2d 226, W.R., N.R.E., and the authorities therein cited.

■ In the event we are in error in the foregoing opinion, we have decided that the appellants' cause of action is barred by the two year statute of limitation. Therefore, the trial court did not err in granting appellee's motion for summary judgment. Appellants appealed from the administrative decision denying them a pension to the Firemen's Pension Commissioner, who had no jurisdiction in the cause whatever. W. T. Hamilton died on June 1, 1962. On August 2, 1962, appellee denied appellants' claim for pension benefits. Appellants did not seek any affirmative relief whatever in a court of competent jurisdiction until they filed their cross-action on March 22, 1965. Before filing the cross-action, appellants applied to the district court for leave to file it "in the nature of an original cause of action". The filing of the cross-action, in which the appellants for the first time sought affirmative relief against the appellee, was filed more than 2 years and 7 months after the appellee refused appellants' application for pension benefits. The pension benefits herein applied for is an obligation which is imposed by statute. Art. 6243e, supra. Obligations granted by statute are subject to bar by the two year statute of limitation. Green v. Wilkinson (5th Cir.Ct. of App. 1956) 234 F.2d 120; Cowart v. Russell (Tex.Com.App.1940) 135 Tex. 562, 144 S.W.2d 249; Hodges v. Price (Tex.Civ. App.1942) 163 S.W.2d 868, W.R., W.M.; Payne v. City of Tyler (Tex.Civ.App.1964) 379 S.W.2d 373 W.R., N.R.E.; Tex., 383 S.W.2d 804; Brady v. City of San Antonio (Tex.Civ.App.1958) 313 S.W.2d 355, W.R., N.R.E., 159 Tex. 42, 315 S.W.2d 597. The appellants' cross-action was not filed within two years after the date the appellee denied their application for benefits, and it is barred by Sec. 4 of Art. 5526, V.R.C.S. The point of error is overruled.

Judgment of the trial court is affirmed.