Billy Joe CREPS et al., Appellants
and Cross Appellees,

v.

BOARD OF FIREMEN'S RELIEF & RE-
TIREMENT FUND TRUSTEES OF AM-
ARILLO, Texas, Appellees and Cross Ap-
pellants.

Nos. 7997, 7998.

Court of Civil Appeals of Texas,
Amarillo.

May 4, 1970.

Rehearing Denied June 8, 1970.

Lockhart, Lindsey & Neal, and Connally Lockhart, Amarillo, for appellants and cross appellees.

C. J. Taylor, Jr., City Atty., Larry Brandon, Asst. City Atty., for appellees and cross appellants.

## ON MOTION FOR REHEARING

JOY, Justice.

Our opinion of March 16, 1970 is hereby withdrawn and this opinion substituted therefor.

Two suits were filed by terminated firemen against the Board of Firemen's Relief & Retirement Fund Trustees to recover contributions to fund. The suits were consolidated and all parties to the suits have appealed from judgment of the trial court granting recovery of moneys by six plaintiffs and denying recovery by 17 other plaintiffs.

All plaintiffs were employed at one time or another as firemen for the City of Amarillo. All plaintiffs had terminated their employment with less than 20 years service which was required for vesting of retirement rights under the plan. The Board refused refunds of moneys paid into the fund by the firemen and all brought suit for recovery thereof. The plan involved here is provided for by Art. 6243e, Vernon's Ann.Tex.Civ.St., applying to cities of less than 185,000 population according to the last preceding Federal census. By action of the legislature three dates are of importance in this case. Prior to the amendment of the statute effective August 23, 1963, there existed no provision in the statute for a refund of moneys paid into the fund by firemen who terminated employment with less than 20 years service. The amendment of August 23, 1963 provided, in part, that firemen terminating employment before pension benefits accrued and before the completion of 20 years of active full-time service " * * * shall receive an amount equal to the sum total of his monthly payments made while a participating member in the Firemen's Relief & Retirement Fund. * * * *", along with a provision requiring a majority vote of the participating firemen members. Effective April 7, 1967 the legislature amended the statute and provided that firemen whose employment was terminated " * * * for any reason other than those qualifying said firemen for a pension * * * *" would receive a refund only upon condition that "1. A majority of the participating members have voted by secret ballot that pension contributions be refunded if a fireman leaves the service of the Fire Department prior to the date that he is entitled to retirement benefits. 2. The refund provisions if approved by a majority of the members shall apply only to those who leave the service of the Fire Department after the effective date of the election."

Judgment in the trial court was rendered against all firemen whose service had terminated prior to August 23, 1963, as well as against all firemen terminated between April 7, 1967 and February 12, 1968, the latter date being the "effective date of the election" held by the participating members subsequent to the April 7, 1967 amendment to the statute. Judgment was rendered decreeing a refund for all firemen terminated between August 23, 1963 and April 7,

1967. All firemen refused judgment of refund have appealed. The Board of Trustees appealed from the judgment rendered in favor of the firemen terminating employment between August 23, 1963 and April 7, 1967.

■ Appellant firemen assign some 26 points of error and will be grouped here as in their brief. Points one through eleven refer generally to the constitutionality of Art. 6243e, V.A.T.C.S. assigning various reasons therefor. The salient points contend the legislature exceeded its constitutional authority in enacting Art. 6243e, with reference to various sections of the Constitution. Our courts have passed upon the constitutionality of this and similar statutes in reference to questions of due process of law, local or special laws, special privileges or immunities and retroactive laws. In Smith v. Davis, 426 S.W.2d 827, 831, the Supreme Court states:

> "In passing upon the constitutionality of a statute, we begin with a presumption of validity. It is to be presumed that the Legislature has not acted unreasonably or arbitrarily; and a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable. The wisdom or expediency of the law is the Legislature's prerogative, not ours. As quoted in this Court's opinion in Texas National Guard Armory Board v. McCraw, 132 Tex. 613, 126 S.W.2d 627 at 634 (1939), 'There is a strong presumption that a Legislature understands and correctly appreciates the needs of its own people, that its laws are directed to problems made manifest by experience, and that its discriminations are based upon adequate grounds.' "

The legislature may properly enact laws pertaining to cities by population classification so long as the law does not by its terms limit the application to one city with no possible application to others of a like classification or population. City of Fort Worth v. Bobbitt, 121 Tex. 14, 36 S.W.2d 470, 41 S.W.2d 228; Byrd v. City of Dallas, 118 Tex. 28, 6 S.W.2d 738; see also Gould v. City of El Paso, 440 S.W.2d 696 (Tex.Civ.App., ref'd n. r. e.) and Devon v. City of San Antonio, 443 S.W.2d 598 (Tex.Civ.App. ref'd).

■ Appellant firemen attacked the statute on the basis of each fireman having a "vested interest" in the fund. We think that from the cases construing similar statutes that this is an erroneous assumption or contention. In City of Dallas v. Trammell, 129 Tex. 150, 101 S.W.2d 1009 at 1012, the Supreme Court states:

> "It is well settled that the mere circumstance that a part of a pension fund is made up by deductions from the agreed compensation of employees does not in itself give the pensioner a vested right in the fund, and does not make it any less a public fund subject to the control of the Legislature. * * *"

> "In our opinion, the rule that the right of a pensioner to receive monthly payments from the pension fund after retirement from service, or after his right to participate in the fund has accrued, is predicated upon the anticipated continuance of existing laws, and is subordinate to the right of the Legislature to abolish the pension system, or diminish the accrued benefits of pensioners thereunder, is undoubtedly the sound rule to be adopted."

The firemen here had no vested property right in the pension fund that is necessary for the invocation of constitutional protection. Until the firemen, under the law, had a statutory right of refund or a right to receive a pension therefrom, their right in the fund was only an expectancy based upon, not only their continued employment for the required number of years, but also the continued existence of the law which is subject to revision, modification or complete abrogation by the legislature.

.

The firemen further contend that Constitutional Art. 3, Sec. 51–f, Vernon's Ann.St., requires that all municipal employees be included in any retirement system enacted by the legislature and that any system enacted must be uniform with all other systems. Sec. 51–f reads:

"The Legislature of this State shall have the authority to provide for a system of retirement and disability pensions for appointive officers and employees of cities and towns to operate Statewide or by districts under such a plan and program as the Legislature shall direct and shall provide that participation therein by cities and towns shall be voluntary; provided that the Legislature shall never make an appropriation to pay any of the cost of any system authorized by this Section."

Appellant firemen contend that the court should "conform the municipal retirement system for firemen with the retirement system of all other city employees". This is not a duty or prerogative of our judiciary since any attempt to do so by our courts would be an encroachment by our judiciary upon the powers reserved by our Constitution to the legislature. We cannot rewrite laws enacted by the legislature and neither can we strike down a law merely because our judiciary might consider them unjust or unwise. Our prerogative is limited to interpreting legislation in the light of the constitutional framework as enacted by the people. We do not find in Sec. 51–f language restricting the legislature to *one* plan for *all* districts nor *one* plan for *all* municipal employees as we would be required to do under the theory of appellant firemen. Legislation must treat all alike that come within the same class or all that are similarly situated under the equal protection of law provision of our Constitution. Unless clearly shown to the contrary, a reasonable basis for classification by the legislature will be presumed to have been found in favor of the statute. "On the other hand, if a classification is unreasonable or arbitrary and without a fair ba-

sis in the subject and operation of the legislation, it cannot be permitted to affect the rule requiring uniformity of operation." 82 C.J.S. Statutes § 154, p. 260.

Appellant firemen attacked the statute as being an unlawful delegation of legislative authority under the Constitution through the provision authorizing the firemen to vote upon the matter of refunds. We do not agree. The firemen do not vote on the law itself, but merely to determine within the bounds of the statute as passed by the legislature, whether or not those firemen participating in the fund shall have a right of refund of moneys contributed by them. See Riley v. Town of Trenton, 184 S.W. 344 (Tex.Civ.App. ref'd).

The firemen further complain that the law confers a special privilege upon certain firemen in contravention of Art. 1, Sec. 17 of the State Constitution which reads in part as follows: " * * * and no irrevocable or uncontrollable grant of special privileges or immunities, shall be made; * * *." The statute under which the fund operates, being subject to revocation or control by the legislature, does not violate that section of our Constitution. Wheeler v. City of Brownsville, 148 Tex. 61, 220 S.W.2d 457 (1949).

Appellant firemen next contend the statute violates Art. 1, Sec. 16 of the Constitution in that it is a "retroactive law". In view of the fact that we have hereinabove held that the appellant firemen had no vested right or interest in the fund, then the appellant firemen's contention cannot stand. From the opinion in Miller & Miller Motor Freight Lines v. Gilliland, 232 S.W.2d 886, 889 (Tex.Civ.App. dism'd) we find in part " * * * while the State Constitution should as a general rule be interpreted to operate prospectively, its retrospective operation will be enforced when such was clearly the purpose of its framers, provided no right already vested would be disturbed thereby. Grigsby v.

Peak, 57 Tex. 142." See also Hutchings v. Slemons, 141 Tex. 448, 174 S.W.2d 487 (1943); Jenckes v. Mercantile National Bank at Dallas, 407 S.W.2d 260 (Tex.Civ. App. ref'd n. r. e.) and Turbeville v. Gowdy, 272 S.W. 559 (Tex.Civ.App. n. w. h.).

■ Firemen next contend that the fund is governed by the Texas Trust Act and therefore the Board of Trustees had the authority by virtue of Art. 7425b–25, to make refunds at all times whether or not Art. 6243e provided therefor. Although the fund is designated as a trust, the trustees have only those powers and duties set forth in the statute creating the fund. Board of Firemen's Relief & Retirement Fund Trustees of Harris County v. Stevens, 372 S.W.2d 572 (Tex.Civ.App. n. w. h.). The trustees herein must look to Art. 6243e for their power to make refunds to firemen who terminated their employment prior to securing a vested interest or right in the fund.

■ The Board of Trustees, by having filed its appeal from a portion of the judgment, assigns as error the failure of the trial court to sustain its plea of limitations, contending that the two-year statute applies to those firemen granted refunds by the trial court. The Board of Trustees pled limitations as an affirmative defense as opposed to a special exception. The burden was upon the Board to establish its affirmative defense. 37 T.J. 2d, Sec. 204; Rule 94, Texas Rules of Civil Procedure. We find that a stipulation was entered into reflecting the termination dates of all firemen involved herein. That stipulation reflects that the six firemen granted refunds by the trial court terminated their employment more than two years prior to the filing of this lawsuit, and if the two year statute of limitations applies, as is contended by the Board, then none are entitled to refunds. We think that clearly the right to a refund was statutory, and the two year statute of limitations is applicable. Cowart v. Russell, 135

Tex. 562, 144 S.W.2d 249; Hamilton v. Board of Firemen's Relief and Retirement Fund Trustees of Texarkana, Texas, 408 S.W.2d 781 (Tex.C.A. ref'd n. r. e.). The appellant firemen contend that the Board failed to introduce proof requisite to sustain their pleading of limitations. The pleading itself, taken with the stipulated dates of termination, reflects that more than two years elapsed from date of termination of employment of each fireman and filing of their suit. Therefore, we find that their claims for refunds are barred. The firemen further contend that this is a trust, therefore, limitations does not run until the trust is repudiated by the trustees and knowledge thereof is acquired by the beneficiaries. The distinction herein lies in the fact that the date of the debt (refund of contributions) was established by the statute itself, that being the date or time the fireman " * * * resigns or leaves the active full-time service of the fire department for any reason * * *." The firemen were charged with the knowledge of the law under which the fund was administered and having failed to bring their suit within the two year period, their claim for refund is barred.

■ Next firemen contend that Sec. 10A(f) of Art. 6243e was not repealed or amended by Sec. 10A–1 as passed by the legislature and made effective April 7, 1967. Senate Bill No. 99 provided in its caption that it was "an act * * * amending Sec. 23A, Sec. 23B, Sec. 10A(f), and Sec. 10A(g) * * *." However, in the body of the bill Sec. 3 referred to " * * * (Acts) * * * amended by adding a new Sec. 10A–1." Obviously the intent of the legislature was to amend Sec. 10A(f) rather than to add a new section, especially in view of the fact that the new Sec. 10A–1 relates to the identical subject matter as the old Sec. 10A(f), and absent repeal would be in conflict therewith. We think the rule is adequately stated in State ex rel. Chandler v. Dancer, 391 S.W.2d 504 (Tex.Civ.App. ref'd n. r. e.), quoting from

Bryan v. Sundberg, 5 Tex. 418 (Sup.Ct. 1849):

"When the new statute in itself comprehends the entire subject and creates a new, entire and independent system respecting that subject matter, it is universally held to repeal and supersede all previous systems and laws respecting the same subject matter."

Sec. 10A–1 effectively repealed Sec. 10A(f), Art. 6243e, V.A.T.C.S. Therefore, those firemen who terminated employment after April 7, 1967, the effective date of Sec. 10A–1 of Art. 6243e, and prior to February 12, 1968, the effective date of the vote as prescribed therein, have no right of refund. Those firemen terminating after February 12, 1968 had the right of refund only to those amounts paid into the fund by continuous employment, or amounts shown to have been credited to their account. There being no evidence in the record that the amount of money paid in by Creps prior to his first termination of employment was ever credited to his account upon his second employment, then we are unable to say he was entitled to refund thereof.

We have considered all of the points and find no merit in those not specifically mentioned herein. We reverse in part the judgment of the trial court by ordering that portion of the lower court judgment granting recoveries to the six firemen, Browning, Cheek, Homer, Cox, Phillips and Hamblen reversed and those named take nothing. As to other portions the judgment is affirmed.

The costs of this appeal are ordered taxed three-fourths against appellant firemen and one-fourth against the Board.

Reversed and rendered in part and affirmed in part.

DENTON, C. J., not participating.