OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

June 10, 1999

The Honorable Kenneth Armbrister
Chair, Criminal Justice Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0066

Re: May city remit payments to Texas Municipal Retirement System that it failed to make more than 20 years ago? (RQ-1006)

Dear Senator Armbrister:

Your predecessor as Chair of the Senate Criminal Justice Committee inquired about correcting errors made in reporting members' contributions to the Texas Municipal Retirement System ("TMRS"). The TMRS is a public retirement system for cities, governed by chapters 851 through 855 of the Government Code and administered by a six-member board of trustees appointed by the governor. TEX. GOV'T CODE ANN. § 855.002 (Vernon 1994). Each month, the cities participating in TMRS forward to it contributions from its employees who belong to the system and its own contribution on behalf of its member employees. *Id.* § 855.402. The TMRS deposits each member's contributions in an individual account in the employee savings fund and the municipality's contributions in its account in the municipality accumulation fund. *Id.* §§ 855.306(a), .307(a).

The opinion request from your predecessor stated that several police officers employed by the City of Port Arthur learned of errors in their respective TMRS accounts. The request letter explained this problem as follows:

> [T]he City of Port Arthur, by clerical errors and/or omissions, failed to enroll these officers in the TMRS system upon the completion of their employment probationary periods. The affected employees were approximately hired in 1973 and were scheduled to become eligible to retire this next year. It was discovered that each officer was not enrolled for a period of months and therefore will not be eligible to retire for this additional period. The times range between two (2) and six (6) months.

Letter from Honorable John Whitmire, Chair of Senate Criminal Justice Committee, to Honorable Dan Morales, Attorney General (Sept. 29, 1997) (on file with Opinion Committee) [hereinafter Whitmire letter of 9/29/97].

A city employee receives credit in the retirement system for each month in which he or she performs services while a member of TMRS and makes the required contributions. TEX. GOV'T CODE ANN. § 853.201 (Vernon 1994). The employees in question were not members of the retirement

system in the months before their enrollment and they made no contributions during those months. Accordingly, their service for those months was not credited to the retirement system. The City of Port Arthur has asked the TMRS about adjusting the retirement accounts to correct these errors, and the TMRS has stated that it cannot correct errors made more than four years ago.

Your predecessor first asked whether "section 855.410 of the Texas Government Code allow[s] for a remedy in this situation to make payments to adjust the respective employee's TMRS account for the errors and/or omissions." Whitmire letter of 9/29/97. We conclude that it does not. Each payroll period, a participating municipality deducts a retirement contribution from the compensation of each retirement system member it employs. TEX. GOV'T CODE ANN. § 855.402(a) (Vernon 1994). Section 855.403 of the Government Code requires the municipality to pay the retirement system, before the sixteenth day of each month, the member contributions as well as a contribution for the retirement system's administrative expense. Section 855.410 of the Government Code imposes the following interest payment on late contributions:

> A participating municipality that fails to remit before the 16th day of the month all contributions required by this subchapter to be made, . . . shall pay to the retirement system, in addition to the contributions, interest on the past-due amounts at an annual rate that is the total of the rates of interest credited by the retirement system to accounts in the municipality accumulation fund for the preceding calendar year, plus two percent.

*Id.* § 855.410(a).

The predecessor of section 855.410 was adopted by the same bill that enacted the predecessor of section 855.403, which fixes the time monthly contributions must be paid to the system. SENATE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. S.B. 505, 70th Leg., R.S. (1987). Sections 855.403 and 855.410 are related, in that one provision fixes the time each month for remitting the contributions, and the other requires the city to pay interest if it misses that deadline in any month.

Section 855.410 does not, however, address correcting a city's errors in deducting retirement contributions from members' compensation or remitting the proper amounts to TMRS. It can be contrasted with section 842.112 of the Government Code, which authorizes the Texas County and District Retirement System ("TCDRS") to correct certain reporting errors by participating subdivisions:

> If, as a result of a reporting error on the part of a participating subdivision, a person has not received credited service or current service credit or has received less than the correct amount of current service credit for months in which the person performed service as an employee of the subdivision, the retirement system shall correct the error as authorized by this section.

TEX. GOV'T CODE ANN. § 842.112(a) (Vernon Supp. 1999).

Other subsections of Government Code section 842.112 set out the procedures and time limit for correcting such errors in reporting member contributions. *Id.* § 842.112 (b)-(d), (g), (h). Corrections may not be made more than four years after the TCDRS system receives the erroneous report and the person seeking the correction and the subdivision must make the contributions or partial contributions that should have been made. *Id.* § 842.112(b), (e), (f). Section 855.410 does not contain the explicit authority for correcting errors found in the TCDRS statute, nor do we find any other provision in chapters 851 through 855 of the Government Code comparable to section 842.112 of that code.

The TMRS has no express authority to correct a city's errors in reporting an employee's service or in deducting and forwarding retirement contributions to it. Its enabling statute makes it responsible for administering the retirement system and authorizes it to adopt rules and perform reasonable activities it finds necessary or desirable for efficient administration of the system. TEX. GOV'T CODE ANN. §§ 855.101(b), .102(a) (Vernon 1994). Consistent with this authority, it has established a policy whereby it will correct errors made in the past four years. In connection with this limitation on time, your predecessor asked whether "the respective employees waive their rights to these retirement sums by failing to act within a four (4) year period" and whether "TMRS [may] refuse to accept these late payments?" Whitmire letter of 9/29/97.

These questions require us to examine the reasons for limiting the time in which cities may correct errors in information provided to TMRS. A brief prepared by the attorneys for TMRS states that the four-year residuary statute of limitations for "[e]very action for which there is no express limitations period," TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (Vernon 1997), has been applied since 1985 to all requests for retroactive correction of errors in reporting retirement contributions or in timely enrolling persons in the retirement system. Brief from Terrence Kendall, Kendall, Randle, Finch & Osborn, to Honorable Dan Morales, Attorney General 6 (Dec. 11, 1997) [hereinafter T. Kendall brief of 12/11/97]. These requests were addressed in legal opinions prepared for TMRS by its attorney. *See* Letter from Terrence Kendall, to Gary Anderson, Director TMRS (Nov. 29, 1993) (Opinion No. 205) [hereinafter Kendall letter of 11/29/93]; Letter from Gaynor Kendall, Legal Counsel TMRS, to Jimmie L. Mormon, Director TMRS (Feb. 13, 1987) (Opinion No. 154); Letter from Gaynor Kendall, to Jimmie L. Mormon, Director TMRS (Nov. 11, 1985) (Opinion No. 144) [hereinafter G. Kendall letter of 11/11/85].

The first opinion on correcting such errors, TMRS Opinion No. 144 (1985), addressed the misclassification of two employees as part-time employees some six years and twenty-eight years previously. G. Kendall letter of 11/11/85. The opinion stated as follows:

> We do not mean to say that an error made in failing to enroll a person holding a position that requires him to be a member cannot be corrected retroactively. . . . [H]owever, the matter cannot be left unresolved for long periods of years. How long can a person wait before attempting to obtain correction of what he or she considers to

> be a mistake in failing to enroll him or her as a member of the System? If the right to membership is a "legal" right, it is required to be asserted within a period of four years from the time the right accrues. . . . [citing former TEX. CIV. STAT ANN. art. 5529 (1925), the predecessor of section 16.051 of the Civil Practices and Remedies Code]. . . . [W]hether the right is considered "legal" or "equitable" an unexcused delay in asserting it for a period beyond the longest applicable period of limitations (i.e., four years) bars its assertion as a "stale demand."

*Id.* at 4 (citations omitted).

Some purposes of limitations statutes are relevant to the four-year limit in the TMRS policy on correcting errors in the information that cities have reported to it. "The purpose of a statute of limitations is to establish a point of repose and to terminate state claims." *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990). Limitations statutes afford plaintiffs what the legislature deems a reasonable time to present their claims and protect defendants and the courts from having to deal with cases where search for truth may be impaired by loss of evidence, whether by fading memories, disappearance of documents, or otherwise. *Id.*

Opinion No. 205 (1993) addressed a city's failure to make contributions to the system on certain forms of compensation and concluded that "the City can correct its payroll records to reflect the additional compensation for a period not to exceed four years prior to the date of corrections, provided that the City's and the members' additional contributions (including interest) accompany such correction." Kendall letter of 11/29/93. It pointed out some of the reasons for the four-year time limitation: the practical need for a "cut off point" for correcting errors, the fact that any claim that might be asserted would be barred by limitations of actions, and the financial impact that a longer period of time for corrections would have. *Id.* at 2.

The TMRS brief explains the financial impact of long delays in correcting cities' errors in reporting employees' creditable service and remitting contributions. Each year a city's contribution rate is determined by the TMRS actuary, subject to approval by the TMRS board. TEX. GOV'T CODE ANN. §§ 855.205(d), .406(b) (Vernon 1994). Rates are based in part on information obtained in "a general investigation of the mortality and service experience of the members and annuitants of the retirement system" made by the actuary at least every five years. *Id.* §§ 855.205(c)(1); *see id.* §§ 855.205(c)(2) (on the basis of the investigation, actuary recommends tables and rates for adoption by the board), 855.205(d) (actuary annually computes each city's contribution rate on basis of rates and tables adopted by board). Each municipality's contribution rate must be set at the level "required to fund all obligations charged against the municipality's account in the municipality accumulation fund within the municipality's amortization period without resulting in a probable future depletion of that account." *Id.* § 855.406(b). The contribution rate may vary from city to city and may change for one city from year to year because of factors such as payroll growth, employee turnover, and the number of employees who remain in covered employment until retirement. T. Kendall brief of 12/11/97, at 3.

TMRS decisions about cities' contribution rates are made in reliance on the information provided to it. Long-delayed correction of that information might in particular cases interfere with accuracy of rates set in reliance on it. Cities of varying sizes participate in TMRS, with numbers of contributing employees ranging from 7,000 to 1. *Id.* at 7. Correction of the City of Port Arthur's errors involving a few months of service may have only a negligible effect on its retirement plan, but correction of long-term errors could have a major effect on the plan of a small municipality. *Id.*

The correction of long-term errors could have a more direct financial impact on cities. Where a city has failed to submit contributions to TMRS, correction of this error would require the employee and the city to make lump-sum payments to TMRS. This requirement could place a severe strain on the budget of a small city. Absent a limitations period, a small city that had considered someone to be a non-covered employee for many years might suddenly be obligated to make a lump-sum payment to TMRS in an amount greater than the city's entire payroll. *Id.*

We believe the TMRS policy allowing cities to correct only those errors made in the last four years implements the boards authority to "perform reasonable activities it finds necessary or desirable for efficient administration of the system." TEX. GOV'T CODE ANN. § 855.102(a) (Vernon 1994). The policy contributes to the efficient administration of the system by limiting the negative consequences that long-delayed corrections could have for the board's rate setting process and the financial circumstances of the participating cities. Accordingly, we conclude that TMRS may refuse to comply with the City of Port Arthur's request for correction of errors made more than four years ago.

The expiration of the four-year time period for correcting errors does not raise a question of waiver. Waiver of a statutory right and/or a property interest cannot occur without an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987). However, property rights may be lost by failure to claim them before the statute of limitations runs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon 1997 & Supp. 1999) (applying two-year statute of limitation to various causes of action, including conversion or detaining of personal property and condemnation of real property); *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex. 1984). The right to recover a pension has been barred by limitation of actions. *Creps v. Board of Firemen's Relief & Retirement Fund Trustees of Amarillo*, 456 S.W.2d 434, 439 (Tex. Civ. App.–Amarillo 1970, writ ref'd n.r.e.); *Hamilton v. Board of Firemen's Relief & Retirement Fund Trustees of Texarkana*, 408 S.W.2d 781, 784 (Tex. Civ. App.–Texarkana 1966, writ ref'd n.r.e.). Accordingly, the effect of limitations is not a matter of waiver, but instead a matter of lost rights due to the passage of time. Whether the statute of limitations would operate as a bar in a specific fact situation cannot be resolved in an attorney general opinion.

Where an employee's enrollment in the retirement system has been delayed through a city's error, section 853.305 of the Government Code may enable the city to give "restricted prior service credit" to the employee for the months during which enrollment in the retirement system was delayed. A city may adopt an ordinance authorizing the grant of restricted prior service credit to an employee-member for service previously performed "as a full-time, paid employee . . . of any

political subdivision of any state of the United States, . . . for which service the person has not otherwise received credited service in this system." TEX. GOV'T CODE ANN. § 853.305(a) (Vernon Supp. 1999). Restricted prior service credit may be used only to satisfy length-of-service requirements for retirement, and has no monetary value in computing the annuity payments allowable to the member. *Id.* § 853.305(b).

The Seventy-sixth Legislature has adopted a statute effective December 31, 1999, that expressly authorizes TMRS to correct errors of participating municipalities in reporting employees service. It is very similar to section 842.112(a) of the Government Code, which allows the Texas County and District Retirement System to correct reporting errors of participating subdivisions. Senate Bill 574 of the 76th Legislature provides as follows:

> (a) If as a result of a reporting error on the part of a participating municipality a person has not received credited service or current *service credit or has received less than the correct amount of current* service credit for months in which the person performed service as an employee of the municipality, the retirement system shall correct the error as authorized by this section.

> (b) A correction may not be made as to current service performed, or current service credit that should have been received, *more than four years* before the date an application for the correction, on a form approved by the board of trustees, is received by the retirement system.

TEX. GOV'T CODE ANN. § 852.110(a), (b) (effective Dec. 31, 1999) (emphasis added).

Thus, the legislature has adopted a four-year limit for correcting a city's errors in reporting creditable service by its member employees. After the effective date of the enactment, section 852.110 of the Government Code will control the correction of such errors.

## S U M M A R Y

Section 855.410 of the Government Code, which imposes an interest payment on contributions that are not remitted by a participating municipality to the Texas Municipal Retirement System ("TMRS") by the sixteenth day of each month, does not establish a procedure for correcting errors in municipal employees' retirement accounts. Pursuant to its construction of the statute it administers, TMRS may refuse to accept retirement contributions from a city more than four years after the time they were due the retirement system.

Section 852.110 of the Government Code, adopted by the Seventy-sixth Legislature and effective December 31, 1999, will govern the correction of service credit reports that were made or should have been made by participating cities. Pursuant to section 852.110 of the Government Code, corrections may not be made more that four years after the report should have been made.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Susan Garrison
Assistant Attorney General